<u>AFFIDAVIT OF SHEILA M. O'HARA</u>

I, Sheila M. O'Hara, being duly sworn, do state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been an ATF Special Agent for over 24 years, and during that time I have been involved in numerous investigations of violations of Federal Firearms and Narcotics Laws. I am currently assigned to a group in the Boston Field Division of ATF that, in part, works with other Federal, State and local police departments in and around the Southeastern Massachusetts area to investigate and prosecute violations of Federal firearms, explosives and controlled substance laws.

2. Based on my training and experience as an ATF Special Agent, I am familiar with Federal firearms and narcotics laws and know that it is a violation of Title 18, U.S.C., Section 922(g)(1) to be a felon in possession of a firearm and ammunition that has previously traveled in interstate commerce; and it is a violation of Title 21, U.S.C., Section 841(a)(1) to possess a controlled substance with intent to distribute.

3. The facts stated herein are based upon my personal involvement in this investigation and my discussions with other law enforcement officers involved with this investigation. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts, which I believe are sufficient to establish the requisite probable cause.

4. On February 16, 2012, Fall River Police Department executed a "no knock" state search warrant at 696 North Main Street, Apartment 4, Fall River, MA, where Ernesto MONELL ("MONELL") was living. As one detective forced the apartment door open with an entry device, two other detectives took hold of a male, later identified as MONELL.

5. Prior to securing MONELL, one detective observed MONELL place a firearm on a refrigerator adjacent to the entry door. Upon examination, this firearm was loaded with 1 round in the chamber, 3 rounds in the magazine. The firearm was cocked and ready to fire when recovered by investigators.

6.  Officers found 3 pieces of an apparent shotgun in the kitchen: two pieces were on top of a kitchen cabinet, and the third piece was in a drawer. In addition, an investigator found 2 shotgun rounds in a dog food container.

7.  In a bedroom, investigators found a plastic bag in a box containing 37 pieces of a yellowish, rock-like substance believed to be crack cocaine. In addition, investigators found drug packaging paraphernalia in a backpack in the living room. On the floor of a closet in the living room, an investigator found a drug ledger in a bag. And on the counter in the kitchen, an investigator found 3 digital scales.

8.  In a plastic container in the living room, investigators found several envelopes addressed to MONELL. An investigator also found 3 folders with gang material in the backpack in the living room. On a counter in the kitchen, investigators found photographs of individuals they recognized to be members of the "Blood Street Gang," with MONELL appearing in several of those photos.

9.  The 37 pieces of a yellowish, rock-like substance, were sent to the Commonwealth of Massachusetts, Department of Public Health, State Laboratory Institute for analysis. Analysis determined that the substance was Cocaine base, also known as Crack Cocaine, and weighed 11.29 grams.

10. Special Agent Christopher Arone, an interstate nexus expert, examined the Norinco, model 54-1, 7.62x25 caliber, semi automatic pistol, serial number 370022696, which was loaded with 4 rounds of 7.62x25 ammunition. He determined that neither the Norinco semi automatic pistol firearm, or the 4 rounds of ammunition were manufactured in the Commonwealth of Massachusetts and therefore all had previously traveled in interstate commerce.

11. A review of MONELL'S criminal record reveals that he has previously been convicted of crimes that are punishable by a term exceeding one year. On July 20, 2009, he was convicted in Clinton District Court of, A&B Dangerous Weapon docket number 0868CR001393 and was sentenced to one year. On February 10, 1997, he was convicted in Suffolk Superior Court of Assault to kill while armed, A&B Dangerous Weapon (2 counts), Possession of a firearm and Possession of ammunition, docket numbers 9511752001-2005 and received 5-7 years on the Assault to kill charge and various sentences on the other charges. On September 24, 1996, he was convicted in Dorchester

District Court of Possession to distribute Class B narcotics and received a 1 year sentence.

12.    Based upon all of the foregoing information, I believe probable cause exists to conclude that on February 16, 2012, Ernest MONELL was a convicted felon who did unlawfully possess a Norinco, model 54-1, 7.62x25 caliber, semi automatic pistol, serial number 370022696, which was loaded with 4 rounds of 7.62x25 ammunition, all of which had previously traveled in interstate commerce, in violation of Title 18, U.S.C., Section 922(g)(1). In addition, I believe probable cause exists to conclude that on February 16, 2012, Ernesto MONELL unlawfully possessed 11.29 grams of cocaine base, also known as Crack Cocaine, with intent to distribute, in violation of Title 21, U.S.C., Section 841(a)(1).

Sheila M. O'Hara
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

May 21, 2012
Hon. Jennifer C. Boal
United States Magistrate Judge

