# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 12-10187-FDS** |
| **v.** ) | |
| ) | |
| **ERNESTO MONELL** ) | |
| ) | |
| **Defendant.** ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Ernesto Monell comes before the Court seeking to lower the sentence of 262 months imprisonment that was imposed on June 3, 2015 following the defendant's conviction by a jury of drug and firearm-related charges. *See* Defendant's Sentencing Memorandum. He cites as the basis, that a lower guideline sentencing range is applicable. We see no reason for a reduction since nothing has changed warranting a lower sentence. Monel truly stands out and his sentence should reflect the seriousness of his offense, his violent criminal record and his conduct.

Monel remains, as he was at the time of his sentencing, a gang leader who has spent his entire adult life behind bars and who carried a loaded firearm and sold crack cocaine in Fall River right after he got out of prison. Monel also remains, as he was at the time of his sentencing, a violent person that incited a prison riot, who assaulted correctional officers twice and who went to great lengths to attempt to obstruct justice and disrupt his trial by trying to compel others to lie for him and serve prison time – so he did not have to.

Nothing is new, or supports a reduction in the appropriate sentence. Indeed, the only conduct unavailable to the Court at the time of sentencing is best characterized as just more

violence, more threats, more disregard for the corrections system that occurred post-conviction and post-sentencing in this matter during which Monel continued to show his true colors.

**ARGUMENT**

To support his claim that 74 months incarceration is now the right sentence for Monel, he points to an evaluation conducted between November 2017 to April 2018.[1]  But these issues were also present and considered at the time of his sentencing in 2015.  *See* Pre-Sentence Report ("PSR") at ¶ ¶ 75-76; and Government's Sentencing Memorandum addressing the defendant's reliance upon the prior report (the defendant unpersuasively argued that his mental health was a mitigating factor at sentencing, s*ee* USSG § 5H1.3; *see also U.S. v. Maldonado-Montalvo*, 356 F.3d 65, 74 (1st Cir. 2003) (sentencing guidelines discourage departures based on a defendant's mental illness.") )

In sum, this area is heavily trodden ground and is unavailing since mental illness must be severe, uncommon or out of the ordinary to justify a departure, and here it simply is not.

The government would rely on the factors set forth in 18 U.S.C. § 3553(a) in asking the Court to again consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a) (1).  Here, the defendant has been a violent criminal since at least age 13. PSR, ¶ 52.  Ernesto Monell is dangerous now, and always has been.  Given his unbroken string of violence (see PSR ¶ ¶ 50-58) both in society and while in prison, the sentence should be aimed primarily at protection of the public from crimes that the defendant has clearly demonstrated he is still likely to commit. *See* 18 U.S.C. §§ 3553(a)(1); (2)(A); (2)(C); *see also United States v. Smith*, 505 F.3d 463 (6th  Cir. 2007) (imposing above

---

[1] Given its nature, the government will not address the specifics of the evaluation here, and will instead do so during the hearing in this matter.

guidelines sentence where prior incarceration "was obviously not sufficient to comply with the purposes of § 3553(a)(2)").

The only changes associated with Monel since his sentencing support the imposition of a significant sentence by the Court.  Specifically, according the Sentry Report provided by the U.S. Probation Office, Monel was sentenced on the inciting a prison riot charge to 24 months in prison to be served consecutive to the sentence imposed here.  *See* Sentry Report, p. 3.  Monel continued his assault upon the correction's system and its members.  Initially, he was designated as a medium security risk, but then committed an assortment of disciplinary actions, some minor and some major.  *Id.*   For example, he faced allegations of Assaulting with Serious Injury and Possessing a Dangerous Weapon in December 2105; and Threatening Bodily Harm in February 2017.  *Id.*   Unsurprisingly, he was re-classified to a high security facility and has been moved to new facilities -- *twice.  Id.*

This post-conviction conduct confirms that Monel remains a proper candidate for the lengthy sentence imposed by the Court, a sentence of 262 months incarceration.  *See United States v. Keys*, 899 F.2d 983 (10th Cir. 1990) (prison disciplinary problems justified upward departure).

## CONCLUSION

For the above above-stated reasons, the United States requests that the Court sentence the defendant to incarceration for 262 months, a term of supervised release of 36 months, and a

mandatory special assessment of $200, the very same sentence imposed previously in this matter.

Respectfully Submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By:     s/ Glenn A. MacKinlay
GLENN A. MACKINLAY
Assistant U.S. Attorney

Date: April 26, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Government's Sentencing Memorandum was provided to defense counsel via efiling.

s/ Glenn A. MacKinlay
Glenn A. MacKinlay
Assistant United States Attorney