# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 12-10187-FDS |
| **ERNESTO MONELL,** | ) ) ) | |
| Defendant. | ) ) ) | |

# MEMORANDUM AND ORDER ON DEFENDANT'S
# MOTION FOR COMPASSIONATE RELEASE PURUSANT TO 18 U.S.C. § 3582

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the health risks posed by the COVID-19 pandemic as well as the length of defendant's sentence. In December 2013, defendant Ernesto Monell was convicted of one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a 262-month term of incarceration. He subsequently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and was resentenced to a term of 192 months of incarceration. For the following reasons, the motion for compassionate release will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after exhausting his administrative rights to appeal the failure of the Bureau of Prisons to bring such motion or the lapse of 30 days from submitting a request to the

warden of his facility, whichever is earlier, a court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Here, defendant filed a request for compassionate release with the prison warden at USP Victorville based on "the COVID-19 pandemic, [his] positive institutional adjustment, and recent changes in law." He alleges that he did not receive a response to that request. Once he was transferred to USP Beaumont, he filed a second request for compassionate release in January 2023. That request was denied on March 31, 2023. The Court accordingly has jurisdiction to consider the motion.

In deciding whether to reduce a sentence under § 3582, a court must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S. Sentencing Guidelines § 1B1.13, clarifies that "extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13; Bureau of Prisons Program Statement 5050.50 (2019). It also states that a court must find that "the defendant is not a danger to the safety of any other person or to the community" in order to grant compassionate release. U.S.S.G. § 1B1.13.

Defendant contends that the COVID-19 pandemic constitutes an extraordinary and compelling reason for his release. Specifically, he asserts that there is a risk that he will contract a serious, life-threatening illness due to the pandemic. He states that COVID-19 has "created a level of risk and unintended punitive punishment not contemplated at sentencing." (Def.'s Mot. at 2). According to the Sentencing Guidelines, a medical condition qualifies as an "extraordinary and compelling" reason for release if it is a "serious physical or medical condition," a "serious

functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" that is severe enough to "substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).  A generalized risk of infection is insufficient.

The Court is, of course, well aware of the impact of the pandemic and the particular dangers posed by the disease in a prison setting.  However, defendant has not shown that he is at materially greater risk of infection than any other incarcerated person.  At 45 years old, he is not in the high-risk age category for severe illness due to COVID-19.  People with Certain Medical Conditions (May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  Moreover, the pandemic has substantially subsided and vaccines are routinely available.  For example, as of October 17, 2023, zero inmates at FMC Devens in Massachusetts were infected with COVID-19 and only one staff member has tested positive for the virus.  *See* BOP COVID-19 Statistics, https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed Oct. 17, 2023) (listing COVID-10 statistics for each  Federal Bureau of Prisons correctional facility).  In sum, the record evidence does not support a finding that defendant's medical conditions or prison conditions make him especially vulnerable to infection, let alone the kind of serious, debilitating impairment that would qualify as an extraordinary and compelling reason for release.  Indeed, defendant contracted COVID-19 once in November 2020 and does not appear to have suffered complications from the infection.  (Gov't's Opp. Exhibit B).

Defendant further contends that the length of his 192-month sentence provides an "extraordinary and compelling" circumstance that necessitates his release.  He asserts that the

3

sentence he received was "far longer than it would be—if he were sentenced today" due to the "significant sentencing disparity between crack and powder cocaine." (Def.'s Mot. at 20-21). He suggests that "[b]ased solely upon Attorney General Garland's guidance—Monnell's custodial sentence should be reduced by six-levels." (*Id.* at 22). The Attorney General's memorandum, however, reflects Department of Justice policy, not the current law. That policy is not an extraordinary and compelling reason to reduce the defendant's sentence.

Even if this Court were to find extraordinary and compelling circumstances for defendant's release, it would also need to consider whether he is a safety risk and the other sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). During his resentencing in 2018, the Court recognized that the defendant posed a "substantial danger to the community." (Transcript of Resentencing, Docket No. 367, 20: 4-5). The Court finds that he still poses such a danger, based on his criminal history and the nature of his crimes. *See id.*; 18 U.S.C. § 3142(g). In fact, since 2018, defendant has continued to demonstrate "difficulty not only obeying the rules but also avoiding violent situations in prison." (Docket No. 367, 18: 8-9). On October 17, 2020, for example, defendant attacked another inmate with a pen, causing lacerations and abrasions. (*See* Gov't's Opp. Exhibit C). On November 19, 2020, he broke the sprinkler system in his cell and refused to submit to officers when the alarm system was triggered. *See id.*

The sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, also weigh heavily against granting release. The Court based its 192-month sentence in part based on defendant's background as a "gang leader," someone who attempted to "obstruct[] justice in a fairly significant way," and a "violent offender with a long history" who has "difficulty controlling his violent

impulses." (Docket No. 367, 19: 14-17). Nothing in the intervening years has diminished the seriousness of his offense or the nature of his criminal history, and nothing in the record suggests that releasing him early from his prison term is appropriate.

In summary, based on the seriousness of defendant's offense, the danger to the community if he were to be released, the lack of extraordinary or compelling circumstances surrounding the length of the defendant's sentence, and the defendant's failure to show that he is materially more at risk for a serious medical condition due to the COVID-19 pandemic than the general prison population, the Court does not find that "extraordinary and compelling reasons" warrant a reduction of his sentence. Accordingly, and for the foregoing reasons, the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

Dated: October 20, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court